IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
: CRIMINAL NO. 1:08-CR-0455
v. :
: (Judge Caldwell)
FAITH BROOKS, :
Defendant :
:

*M E M O R A N D U M*

Defendant has a filed a pro se motion under 28 U.S.C. § 2255 to vacate her conviction and sentence. We are examining the motion for legal sufficiency pursuant to Rule 4(b) of the rules governing section 2255 proceedings.

A jury convicted Defendant of production of child pornography and possession of child pornography. She was sentenced to 240 months' imprisonment on the first offense and 120 months' imprisonment on the second, to be served concurrently. The Third Circuit rejected her direct appeal, which raised only claims of ineffective assistance of counsel, and concluded the claims should be raised in collateral proceedings under section 2255. *United States v. Brooks*, 480 F. App'x 675, 678 (3d Cir. 2012)(nonprecedential).

In her 2255 motion, Defendant raises claims of trial-counsel ineffectiveness. Claims of ineffective assistance of counsel are governed by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-prong test to establish ineffectiveness. First, counsel's performance must be deficient. *McBride v. Superintendent, SCI Houtzdale,* 687 F.3d 92, 102 (3d Cir. 2012)(citing *Strickland*).

Second, counsel's deficient performance must have prejudiced the defense. *Id.* at 102 n.11 (citing *Strickland*). A petitioner must "show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*).

> Defendant's claims are as follows:
>
> 1. Counsel was unprepared for trial.
>
> 2. Counsel was un-attentive during trial, text messaging with girlfriend.
>
> 3. Counsel did not call any of the witnesses identified during jury selection.
>
> 4. Counsel's opening was 277 words. Counsel's entire defense was 141 words. Counsel's closing statement was 894 words.
>
> 5. Counsel failed to present any of the defenses discussed with Petitioner.

(Doc. 124, 2255 motion, ECF p. 4)(numbering added).

Vague and conclusory allegations are insufficient for a section 2255 motion. *United States v. Thomas*, 221 F.2d 430, 437 (3d Cir. 2000); *United States v. Robinson*, 467 F. App'x 100, 102 (3d Cir. 2012)(nonprecedential). *See also* Rule 2(b)(2) of the rules governing section 2255 proceedings ("[t]he motion must . . . "state the facts supporting each ground" for relief). Except for the fourth claim, the grounds raised are conclusory and devoid of factual support. We go through each claim: Defendant does not provide the facts showing that counsel was unprepared for trial. Defendant does not specify when during trial her counsel was unattentive and texting his girlfriend. Defendant does

-2-

not name the witnesses he should have called and the testimony they would have provided. Defendant does not describe the defenses counsel failed to present. Additionally, Defendant has not set forth facts showing that the outcome of her trial probably would have been different if counsel had not committed these alleged errors.

As for Defendant's claim regarding the number of words counsel used in his opening, his presentation of the defense, and his closing, this claim fails because "[e]ffectiveness of counsel may not be judged by the number of words counsel used." *Brooks*, *supra*, 480 F. App'x at 678.

A district court may dispose of vague claims without further investigation or grant leave to amend so that the defendant can supply the necessary specificity. *Thomas,* 221 F.3d at 438. We will grant Defendant twenty-one days to file an amended 2255 motion so that she can set forth her vague claims with sufficient factual specificity. We will also grant her leave to raise any other claims she has against counsel's performance in his opening, presentation of the defense, and closing, other than the number of words used. If she fails to do so, these 2255 proceedings will be terminated.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 30, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
: CRIMINAL NO. 1:08-CR-0455
v. :
: (Judge Caldwell)
FAITH BROOKS, :
    Defendant :
:

*O R D E R*

    AND NOW, this 30th day of September, 2013, it is ordered that:

   1. Defendant is granted twenty-one (21) days from the date of this order to file an amended 2255 motion setting forth claims one through three and five with sufficient factual specificity.

   2. Defendant may also amend her fourth claim, which must also provide sufficient facts.

   3. If Defendant fails to comply with this order, these 2255 proceedings will be terminated.

                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge