IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
                             :
                             :  CRIMINAL NO. 1:08-CR-0455
    v.                       :
                             :  (Judge Caldwell)
FAITH BROOKS,                :
            Defendant        :
                             :

*M E M O R A N D U M*

I.  *Introduction*

        We are considering the pro se defendant, Faith Brooks's, amended motion

under 28 U.S.C. § 2255 to vacate her conviction and sentence.  We examine the motion

for legal sufficiency pursuant to Rule 4(b) of the rules governing section 2255

proceedings.


II.  *Background*

        A jury convicted Defendant of production of child pornography and

possession of child pornography.  She was sentenced to 240 months' imprisonment on

the first offense and 120 months' imprisonment on the second, to be served concurrently.

The Third Circuit rejected her direct appeal, which raised only claims of ineffective

assistance of counsel.  The court of appeals said the claims should be raised in collateral

proceedings under section 2255.  *United States v. Brooks*, 480 F. App'x 675, 678 (3d Cir.

2012)(nonprecedential).

In May 2013, Defendant filed her original 2255 motion, raising the following claims of trial-counsel ineffectiveness:

1.  Counsel was unprepared for trial.

2.  Counsel was un-attentive during trial, text messaging with girlfriend.

3.  Counsel did not call any of the witnesses identified during jury selection.

4.  Counsel's opening was 277 words.  Counsel's entire defense was 141 words.  Counsel's closing statement was 894 words.

5.  Counsel failed to present any of the defenses discussed with Petitioner.

(Doc. 124, 2255 motion, ECF p. 4)(numbering added).

By memorandum and order of September 30, 2013, we dismissed claims 1 through 3 and 5 for being vague and conclusory, noting that such allegations are insufficient for a section 2255 motion.  *United States v. Thomas*, 221 F.2d 430, 437 (3d Cir. 2000); *United States v. Robinson*, 467 F. App'x 100, 102 (3d Cir. 2012) (nonprecedential).  *See also* Rule 2(b)(2) of the rules governing section 2255 proceedings ("[t]he motion must . . . "state the facts supporting each ground" for relief). On the fourth claim, we rejected it on the merits, because as noted by the Third Circuit on Defendant's direct appeal, "[e]ffectiveness of counsel may not be judged by the number of words counsel used."  *Brooks*, *supra*, 480 F. App'x at 678.

We granted Defendant leave to file an amended 2255 motion so that she could set forth her vague claims with sufficient factual specificity.  We also granted her

leave to raise any other claims she has against counsel's performance in his opening, presentation of the defense, and closing, other than the number of words used.

Defendant responded by filing her amended 2255 motion.

III.    *Discussion*

The amended motion makes the following claims of trial counsel ineffectiveness:

(1) being unprepared for trial;

(2) failing to call any witnesses for the defense as discussed with [Defendant];

(3) failing to present any defenses as discussed with [Defendant];

(4) or failing to challenge any potential jurors.

(Doc. 130, Am. Motion, ECF p. 2).  Defendant reiterates these claims later in the motion, (id., ECF p. 12), and adds two new ones, that counsel was ineffective in advising Defendant to go to trial and in advising Defendant "not to testify – even at the end of the sentencing hearing."  (*Id.*).

We will dismiss the first four claims.  As noted, they were also presented in the original 2255 motion, and we dismissed them at that time because they lacked sufficient factual support.  Defendant has not cured that defect in her amended motion, and they are rejected for that reason again.

We will also deny the claim that counsel was ineffective in advising Defendant not to testify because this claim is also deficient in not being supported by

factual allegations.  Additionally, we note that Defendant does not allege how she was prejudiced by counsel's advice, a necessary element of an ineffectiveness claim, as we advised Defendant in our September 30 memorandum.  Doc. 129, ECF pp. 1-2.  *See Palmer v. Hendricks*, 592 F.3d 386, 394, 398 (3d Cir. 2010)(claim that counsel was ineffective in not advising the petitioner he had the right to testify failed when the petitioner did not allege he was prejudiced by counsel's conduct).

The remaining claim is that counsel was ineffective in advising Defendant to go to trial.  In support of this claim, Defendant avers that counsel misinformed her about the consequences of going to trial rather than pleading guilty, telling her that they could "definitely win" the case and that there was "no way" she could be convicted.  (Doc. 130, Am. Motion, ECF p.7).  She further alleges he never told her she could be sentenced to 240 months' imprisonment or about a plea offer for ten years.  Defendant asserts that she would have pled guilty and not gone to trial if counsel had not misled her about the case or if he had told her about the plea offer.  We conclude this claim has sufficient factual support and will require the government to respond to it.

We will issue an appropriate order.  Contrary to Defendant's suggestion, she is not entitled to an evidentiary hearing to explore those claims that were only vaguely presented.  *Palmer, supra,* 592 F.3d at 395.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 12, 2013

-4-