IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL NO. 1:08-CR-0455 |
| v. | : |
| | : (Judge Caldwell) |
| FAITH BROOKS, | : |
| Defendant | : |
| | : |

*M E M O R A N D U M*

I.  *Introduction*

A jury convicted defendant, Faith Brooks, of production of child pornography and possession of child pornography. She was sentenced to 240 months' imprisonment on the first offense and 120 months' imprisonment on the second, to be served concurrently. The Third Circuit rejected her direct appeal, which raised only claims of ineffective assistance of counsel. The court of appeals said the claims should be raised by way of a motion under 28 U.S.C. § 2255. *United States v. Brooks*, 480 F. App'x 675, 678 (3d Cir. 2012)(nonprecedential).

Defendant did initiate 2255 proceedings. By memorandum and order of November 12, 2013, we summarily dismissed all of her claims except one. *United States v. Brooks*, 2013 WL 6003407 (M.D. Pa). We write here to dispose of that remaining claim, a claim that trial counsel was ineffective in advising her to go to trial instead of accepting the government's plea offer of ten years' imprisonment. On April 24, 2014, a hearing was held on that claim and it is ready for disposition.

II. *Discussion*

A defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. *Missouri v. Frye*, ___ U.S. ___, ___, 132 S.Ct. 1399, 1407-08, 182 L.Ed.2d 379 (2012). A defendant is therefore entitled to the effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, ___ U.S. ___, ___, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012).

In her amended 2255 motion, Defendant claims she chose to go to trial rather than plead guilty because her counsel was ineffective. She alleges he told her that they could "definitely win" the case and that there was "no way" she could be convicted. (Doc. 130, Am. Motion, ECF p. 7). She further alleges he never told her she could be sentenced to 240 months' imprisonment or about a plea offer for ten years. Defendant asserts that she would have pled guilty and not gone to trial if counsel had not misled her about the case or if he had told her about the ten-year plea offer.

Trial counsel was appointed to represent her in April 2009, and trial eventually took place in January 2010.[1] In support of her claim, Defendant testified that trial counsel was always optimistic in letters to her about her case. For example, in a letter dated May 29, 2009, counsel informed Defendant: "I had opportunity to reread all your discovery and your statements and to be honest with you there is really nothing

---

[1] Trial counsel was Defendant's second lawyer. She expressed dissatisfaction with her first lawyer after he supposedly told her after their first meeting that he did not "believe a word [she] said." (Doc. 145, 2255 hearing transcript, p. 22). Her first lawyer was allowed to withdraw from the case, and trial counsel was appointed to represent her.

-2-

incriminating in there and I certainly believe that after speaking with some witnesses and looking at the Children and Youth file that we're going to be able to present a very, very good case on your behalf . . . eventually everything is going to work out." (Doc. 145, 2255 hearing transcript, p. 15; Defendant's Ex. 6).

In another letter dated June 24, 2009, he opined that the jury would never believe the minor witness as she had changed her story so many times. (Doc. 145, 2255 hearing transcript, p. 14; Defendant's Ex. 8). In the same letter, he also said the government had come down from a fifteen-year minimum sentence to ten years, but that he was fighting for a better deal. (*Id.*).

She additionally testified that counsel advised her to go to trial. (*Id.*, p. 20). He told her that they had nothing on her that would send her to jail, and that she should "just sit tight and let him do his job." (*Id.*, p. 19). After the first day of trial when the government rested, he told her when she got back to jail, to call her father and tell him they were "not going to need him because we've got this won, you'll be home tomorrow." (*Id.*, p. 20). Defendant testified she would have taken the ten-year plea deal if she had known how much time she was looking at and if counsel had told her it was the best course of action. (*Id.*, p. 20-21). She also testified that counsel never told her about the credit she could receive on her sentence for good time while in prison and for pre-sentencing custody. (*Id.*, p. 10). However, contrary to her allegations, she admitted she did receive a copy of a written plea agreement, which indicated she could serve a

-3-

minimum of fifteen years and a maximum of thirty years on the charge of production of child pornography.  (*Id.* p. 27).

Counsel testified differently.  He was upbeat in his letters because she thought she was being sold out, that no one believed her.  (*Id.*, p. 50).  As her second lawyer, he wanted to be positive with her.   (*Id.*, pp. 50-51).  His view of the case changed when he discovered the witnesses she supplied him with would not have been helpful. (*Id.*, p. 52).  He never told her she would definitely win her case or that there was no way she could be convicted.  (*Id.*, p. 45).  He did not tell her after the first day of trial to call her dad because they were going to be coming home; that they had the case won.  (*Id.*, p. 51).

In connection with the written plea agreement, he went over the sentence she was potentially facing if she went to trial (235 to 293 months) or if she accepted the plea (168 to 210 months).  (*Id.*, p. 48 and Govt.'s Ex. 8).  He also went over the written plea agreement with her.  (*Id.* and Govt.'s Ex. 8.1).

The oral ten-year plea offer was made in consideration of not requiring the minor witness to testify.  (*Id.*, p. 52).  He discussed it with Defendant on the Saturday or Sunday before trial and after he would have gotten the *Jencks* material on the previous Thursday or Friday.  He told her the case should not go to trial.  (*Id.*, p. 53).  He "was blunt with her." (*Id.*, p.78).  He told her she was "awful stupid now to take this to trial." (*Id.*).  He also discussed it with her the day of jury selection or the first day of trial for about a half-hour or forty-five minutes.  (*Id.*, p. 54).  Additionally, he discussed good-time

credits and jail credits with her in court, either waiting for the jurors or waiting for openings. (*Id.*, p. 55). She refused the ten-year deal. (*Id.*, p. 80).

Based on counsel's testimony, we reject Defendant's claim as she was advised of the consequences of going to trial and of the ten-year plea deal, which she rejected.

III.   *Conclusion*

Having considered all of the claims, we will issue an order denying the 2255 motion. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Defendant is advised that she has the right for sixty (60) days to appeal our order denying her 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent her from doing so, as long as she also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 7, 2014